Harrow, J., dissenting: Respondent’s position is that petitioner must show that the entire sum, $33,207, paid for the use of property, represented an ordinary and necessary expense of conducting the business in order to be deductible under section 23 (a) (1). The majority view gives no explicit answer to this contention, and it is not to be assumed that respondent’s contention as to the requirements of section 23 (a) (1) has been rejected. The conclusion reached upon the facts is that the lease executed on January 2,1941, was executed in an arm’s length transaction, and that there was nothing “in the schedule of rents when originally fixed suggesting any element of gift.” Reasonable minds may differ in the conclusions to be drawn from evidence, and no purpose would be served in expressing a different view about the facts shown by the record. But when a question is raised relating to the prerequisites set forth in a section of the code upon which a taxpayer relies for a deduction for an expense, there should be no difference of opinion as to what the code section prescribes and what limitations it imposes. I believe that there can be little doubt about the wording and meaning of section 23 (a) (1). I express the view as a “dissent,” because I believe that the majority opinion does not fully answer the respective arguments of the parties on the requirements of section 23 (a) (1), as it applies to deductions for rent. Section 23 (a) (1) sets forth a general requirement as the prerequisite of receiving a deduction" for expenses paid or incurred in the conduct of a trade or business; the payments must be ordinary and necessary, and, with respect to rent, a deduction may be taken for payments required to be made as a condition for the continued use or possession of property, for purposes of the trade or business. See Orange & Domestic Laundry Co., 6 B. T. A. 646, 648; United States v. Consolidated Rock Products Co., 151 Fed. (2d) 781. In view of the general rule that a taxpayer has the burden of proving that a determination by the Commissioner is wrong, such determination being prima facie correct, what must a taxpayer seeking a deduction for rent paid prove in order to overcome a determination made by the respondent that only some lesser amount is deductible? It is no less important in the case of a claim for a rent deduction that the taxpayer show that the sum paid is reasonable, than in the instances of claims for other types of business expense deductions. There is no rule of thumb to apply to the test “reasonable.” Circumstances will affect a conclusion on what payment is reasonable, whether the payment be for services, materials, or occupancy of property. But the test of reasonableness aids in determining whether an expense is necessary, or ordinary, or both. Under section 23 (a) (1) the standard prescribed is full of variables. As was said in Welch v. Helvering, 290 U. S. 111, “The standard set up by the statute is not a rule of law; it is rather a way of life.” The general standard prescribed by the statute for the allowance of all business expense deductions is the same, and business practices evidenced by arm’s length business transactions are the norm. The relationship of the parties to the transaction which gives rise to the payment for which a taxpayer seeks deduction must be examined to determine whether the relationships and circumstances are such that the terms agreed to result in expenses which are both necessary and ordinary in the operation of the particular business. If a contract is an arm’s length business agreement, payments made pursuant thereto probably constitute a deductible business expense; if not, the mere fact that the payment for which deduction is sought is made under a contract is not ground for allowing the deduction. “The fact that an obligation to pay has arisen is not sufficient.” Deputy v. DuPont, 308 U. S. 488. If the parties to a contract are parent and dummy subsidiary corporations, for example, a contract may be mere form and not the result of real bargaining. See United States Industrial Alcohol Co. v. Helvering, 137 Fed. (2d) 511, 518. In the instance of rent, even though parties enter into a lease agreement and the payments are made under its terms, if the circumstances are such that the lessee pays, out of his mere willingness, more than the lessor would require as a condition for the continued use of the property, then the sum paid over and above the required amount is not an ordinary and necessary business expense, and is not deductible, under section 23 (a) (1). Ordinarily, in a competitive market, different owners of like and comparable property will require payments for the use of their property at about the same rates, and the usual lessee exercises some bargaining power to avoid agreeing to pay more than is necessary. If petitioner has proved in fact that the Imerman Co. was required to pay the entire sum of $33,207 for the continued use of the property, his claim should be allowed. He must have shown that the “requiring” by the owner of the property involved the arm’s length considerations which ordinarily result in reasonable rent charges. Business necessity must be shown. Los Angeles & Salt Lake Railroad Co., 4 T. C. 634, 651. If petitioner has failed in such burden of proof, respondent’s determination should be sustained. But, the question of the statutory requirements for and limitations upon the allowance for rent deduction is a question of law about which no doubt should exist. Opper, J., agrees with this dissent.